UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ORLANDO HERNANDEZ,

                              Petitioner,

        v.

JAIFA COLLADO, *as Superintendent of Shawangunk Correctional Facility, et al.*,

                              Respondent.
_____

<u>DECISION AND ORDER</u>

21-CV-6605DGL

Petitioner Orlando Hernandez has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2021 convictions following a jury trial in New York Supreme Court, Livingston County, for two counts of assault in the second degree. (Dkt. #1 at 1). Hernandez is currently serving two consecutive 7-year terms of incarceration on those charges. (*Id.*). For the reasons that follow, the petition is denied.

## BACKGROUND

On March 19, 2021, a jury convicted Hernandez of assaulting two individuals who were in custody pending criminal charges at the Livingston County jail, where Hernandez was also being held on a parole detainer.

The jury watched video footage from the jail depicting the assaults that occurred on October 13, 2015. The video footage first showed Hernandez playing a game of handball in the recreation area with other detainees, including Richard Henry. (Dkt. #9-1 at 271-72). The video shows Hernandez and Henry arguing and Hernandez hitting Henry numerous times including after

Henry had turned and walked away from Hernandez. (*Id.* at 273-74). Henry testified that he and Hernandez were arguing about the rules of the game but that he never said anything derogatory, racist, or threatening to Hernandez. (*Id.* at 308). Henry had to undergo emergency surgery to hold his jaw together with titanium plates that were wired for approximately eleven weeks. (*Id.* at 316).

After this altercation, the video footage showed Hernandez walking up the stairs into his cell, then exiting the cell, and walking back down the stairs to the "day area" where he approaches Allan Sullivan. (*Id.* at 275-77). Hernandez appears to talk to Sullivan, then points at him, grabs his hair, pulls his head back, releases his hair, and punches Sullivan in the side of the head. (*Id.* at 277). Sullivan had a ruptured eardrum, required stiches, and sustained hearing damage. (*Id.* at 389).

## DISCUSSION

### I.   Habeas Corpus Cases: General Principles

At the outset, certain principles must be kept in mind. First, in reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court, to decide matters of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). That long-established principle was reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, when a claim has been adjudicated on the merits in state court, federal courts must give deference to the state courts' findings and conclusions.

Where a state court rejected a petitioner's habeas claim on the merits, then, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'" *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted). "A state court decision slips into the 'unreasonable application' zone 'if the

state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original). To meet that standard, it is not enough that this Court may have decided the question of law differently; rather, to deem habeas relief appropriate, the state court's application of the law must demonstrate some additional "increment of incorrectness beyond error." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

## II.     Petitioner's Claims

### A.     Sentence

The Court begins with Hernandez's claim that the trial court imposed "an unduly harsh and severe sentence." (Dkt. #1 at 33). In a letter to the Court dated August 14, 2023, Hernandez explains that that "all [he] want[s] . . . to do with [his] habeas [is] to get [his] sentence reduce[d] (or) to get the seven and seven (7 and 7) [sentences] concurrent. . . . Not consecutive, because that sentence is harsh for a fight." (Dkt. #13 at 1). Hernandez repeated in the close of his letter that "[a]ll [he's] asking on this habeas, is for [his] sentence on both count[s] to be concurrent." (*Id.* at 2).[1]

Sentencing decisions in state criminal cases are generally left to the discretion of the sentencing court. Hernandez raised this argument before the appellate court on direct appeal. The court flatly rejected Hernandez's claim that his sentence is unduly harsh or severe. *People v. Hernandez*, 192 A.D.3d 1528, 1532 (N.Y. App. Div. Mar. 19), *lv. denied*, 37 N.Y.3d 957 (May 21, 2021).

---

[1] It is tempting to take petitioner at his word and only consider the single claim relating to his sentence. But, I will not do so. The sentencing claim, as discussed *infra*, is easily resolved. Because of petitioner's *pro se* status, and because he has not explicitly withdrawn the claims set forth in his petition, the Court will consider all claims raised.

In his letter, petitioner alternatively requests appointment of counsel. Having considered the relevant factors, *see Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), the Court finds that assignment of counsel is not warranted.

Plus, as respondent correctly states, federal habeas corpus law does not recognize an excessive sentence claim where the sentence falls within the statutory limits. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Hernandez does not claim that his sentences were otherwise unlawful and in fact he concedes that he received the maximum term permitted by law. (Dkt. #1 at 1). Therefore, I reject Hernandez's request for relief due to the extent and consecutive nature of his sentence. *See also United States v. McLean*, 287 F.3d 127, 136-37 (2d Cir. 2002) (no constitutional right to concurrent rather than consecutive sentences).

### B.      Motion for Adjournment

Hernandez claims that the trial court "abused its discretion" by denying petitioner's motion for an adjournment of sentencing in order to allow him to obtain his written statement that he prepared and wished to place on the record but that officers left at the jail. (Dkt. #1 at 28, 32).

Denial of an adjournment request "falls within [the court's] discretion and will not support a claim for habeas relief unless it was so arbitrary that it deprived [petitioner] of due process." *Stephens v. Artus*, 2007 WL 485347, at *10 (S.D.N.Y. Feb. 13, 2007) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). The appellate division found that Hernandez was given the opportunity to make a statement before sentencing and concluded that the sentencing court did not abuse its discretion in denying the request. *Hernandez*, 192 A.D.3d at 1532. I accept those factual findings.

Even if this Court was not required to give the appellate division deference, I would find that the trial court's decision to deny adjournment was not arbitrary. Coincidentally, the sentencing court was prepared to delay sentencing in order to hold a hearing regarding Hernandez's second felony offender status. The transcript reflects, however, that petitioner made an about-face after his initial hesitancy to admit to his prior convictions and stated that he did not "want to waste the

Court's time . . . [and] want[ed] to get it over." (Dkt. #9-1 at 605). For these reasons and those stated in the state court decision, I deny relief on this ground.

### C. Right to Present a Defense

Hernandez also claims that he was denied the right to present a defense. The appellate court found that petitioner's contention that the trial court prevented him from calling a proposed witness was "not supported by the record." *Hernandez*, 192 A.D.3d at 1532. Rather, "the [trial] court reserved decision on whether the proposed witness's testimony would be relevant until after defendant testified. After defendant testified, the court asked whether the defense had any further witnesses. The defense declined to call any further witnesses and immediately rested." *Id.*

A state court's factual findings are entitled to a presumption of correctness, and Hernandez does not point to anything in the record to suggest that the appellate court erred in its findings. *See Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997). Because these facts indicate that the defense failed to call the proposed witness, the court did not preclude the witness from testifying. Therefore, it cannot be said that the trial court precluded Hernandez from presenting his defense. Therefore, I deny relief on this ground.

### D. Prosecutorial Misconduct

In his petition, Hernandez asserts that prosecutorial misconduct denied him a fair trial but does not specifically describe the alleged misconduct. In his response, respondent assumes that petitioner refers to the same conduct that he challenged in his direct appeal—specifically, that the prosecutor asked improper questions during cross-examination and made inappropriate summation remarks. (Dkt. #8-1 at 21).

The appellate division summarily rejected Hernandez's misconduct claim stating that it was only partially preserved and, in any event, did not arise to the level of "pervasive or egregious"

5

misconduct that "deprive[d] [Hernandez] of a fair trial." *Hernandez*, 192 A.D.3d at 1532 (quotations omitted). The appellate decision relied on well-established state-law grounds in concluding that some of the alleged misconduct was not preserved and otherwise reasonably applied federal law in rejecting the claim in total.

As to the prosecutor's summation remarks, the record reflects that defense counsel failed to either object or seek further relief after his objections were sustained. (Dkt. #9-1 at 546, 548, 551). This constitutes a "procedural forfeiture of the claim[s]." *Inniss v. Lavallee*, 2015 WL 4209810, at *2 (E.D.N.Y. July 10, 2015); *Simpson v. Portuondo*, 2001 WL 830946, at *11 (S.D.N.Y. July 12, 2001) ("Under New York law, in order to preserve his claims for appellate review, [petitioner] was required to raise his challenges to the prosecutor's alleged errors in summation by way of specific objections before the trial court, and, if his objections were sustained, seek further relief.").

As to the prosecutor's conduct during cross-examination of Hernandez, the appellate division reasonably concluded that the challenged behavior did not deny Hernandez due process. Finding that Hernandez had opened the door, the trial court allowed the prosecution to ask petitioner questions about his motivation to previously assist law enforcement. (Dkt. #9-1 at 466-68). I see no error.

During Hernandez's cross-examination, the trial court did sustain counsel's objection when the prosecutor asked a question that would elicit Hernandez's invocation of the Fifth Amendment. "A witness' invocation of his fifth amendment privilege may deny a defendant due process of law when the prosecutor commits misconduct by making a conscious and flagrant attempt to build its case out of inferences arising from use of the testimonial privilege and when, in the circumstances of a given case, inferences from a witness' refusal to answer adds critical weight to the

prosecution's case." *Perez v. Jones*, 935 F.2d 480, 483 (2d Cir. 1991). But that did not occur here. As the trial court noted, Hernandez did not answer the question. Therefore, the jury did not hear that Hernandez had previously invoked his Fifth Amendment rights when law enforcement sought to question him about the underlying assaults. (Dkt. #9-1 at 509-10). The court then instructed the jury to disregard the question and not speculate as to any answer. (*Id.* at 510). Based on these facts and the reasoning and actions of the trial court, I do not find that the prosecutor's conduct deprived Hernandez of a fair trial. Therefore, I deny Hernandez's request for relief on the grounds of prosecutorial misconduct.

### E.     Ineffective Assistance of Counsel

Lastly, Hernandez asserts that he was denied effective assistance of counsel when counsel failed to: (1) take steps to have petitioner testify before the grand jury; (2) file a motion to dismiss the indictment; (3) challenge the composition of the jury pool; (4) raise a mental health or defect defense; and (5) call an expert witness to testify about posttraumatic stress disorder.

In assessing claims of ineffective assistance of counsel, federal courts employ a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (internal quotation marks omitted); *see also Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (requiring counsel's conduct to fall below an objective standard of reasonableness and a reasonable probability that the result of the proceeding would have been different but for counsel's errors). The appellate division thoroughly addressed each of Hernandez's claims and reasonably applied the reasoning of Supreme Court precedent in rejecting each of them. *Hernandez*, 192 A.D.3d at 1529-31. Plus, the petition fails to challenge the appellate court's reasoning but simply reiterates – in list form – counsel's alleged failures.

Having reviewed the appellate division's decision, and in consideration of the "doubly deferential" standard I am required to employ, I find that Hernandez has not met his burden to rebut the state court's factual findings by clear and convicting evidence or "show that the state court's ruling . . . was so lacking in justification that there was an error … beyond any possibility for fairminded disagreement." *Burt*, 571 U.S. at 19-20. Therefore, I similarly deny petitioner's request for relief based on his claim of ineffective assistance of counsel.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. Petitioner's motion for appointment of counsel is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 1, 2023.